# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2009

No. 08-60840
Summary Calendar

Charles R. Fulbruge III
Clerk

ELVIA MARINE TACO TACO

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A77 452 006

Before DAVIS, SMITH and DENNIS, Circuit Judges..

PER CURIAM:[*]

Petitioner Elvia Marina Taco Taco seeks review of the final decision of the Board of Immigration Appeals (BIA) upholding the decision of the Immigration Judge denying Petitioner's application for special rule cancellation of removal pursuant to section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Petitioner is a native and citizen of Ecuador who entered the United States in 1999 as a temporary visitor. In April 2004, Petitioner applied for special rule cancellation as the spouse of a successful NACARA applicant. Petitioner married her husband, William Argueta, in 2001. Argueta is a native Salvardoran and lawful permanent resident of the United States since 2005 by virtue of his successful NACARA application. Because at that time of her application Petitioner had not yet accrued the seven years of continuous presence required for special rule cancellation, her case was referred to the immigration court. In May 2005, the Department of Homeland Security initiated removal proceedings against her for remaining in the United States longer than permitted.

By the time she appeared before the Immigration Judge in August 2006, Petitioner had acquired the seven years of continuous presence in the United States necessary to be considered for NACARA special rule cancellation. Counsel for Petitioner agreed that to qualify for special rule cancellation Petitioner had to show extreme hardship to herself, Argueta and their United States citizen daughter, then one month old. After a hearing on the issue, the Immigration Judge denied Petitioner's application for failure to meet the hardship requirement.

On appeal, Petitioner added an equal protection argument, that as a derivative NACARA applicant she should not be required to prove hardship because principal applicants adjudicating their NACARA cases before the United States Citizenship and Immigration Services or the Executive Office for Immigration Review were not required to do so. The BIA did not address this argument and dismissed the appeal after finding no error in the decision of the Immigration Judge.

II.

To the extent Petitioner seeks review of the BIA's discretionary decision to deny special rule cancellation on the basis of lack of extreme hardship, this court does not have jurisdiction to review that decision. 8 U.S.C. § 1252(a)(2)(B)(I), 1229b(b).

III.

This court does have jurisdiction to consider constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D); *Danso v. Gonzales*, 489 F.3d 709, 712 (5th Cir. 2006). Such review is *de novo*. *Id*. Petitioner states that she accrued the seven years of residence required to be eligible to apply for suspension of deportation or special rule cancellation of removal under NACARA and has not been convicted of an aggravated felony. Therefore she argues that she should not be required to prove any hardship because her husband, the principal applicant under NACARA, and other applicants adjudicating their claims before other immigration panels are not required to prove hardship.

NACARA § 203 allowed aliens from certain countries who met specific requirements to be considered for cancellation of removal under the more relaxed statutory requirements that preceded the promulgation of the Illegal Immigration Reform and Immigrant Responsibility Act. Principal applicants, like Petitioner's husband, had to demonstrate seven years of physical presence in the United States, good moral character and extreme hardship. However, such applicants were accorded a rebuttable presumption of extreme hardship. 8 C.F.R. § 1240.64(d)(1). Since Petitioner is not the principal applicant, the presumption does not apply to her.

Petitioner's equal protection argument based on this distinction is without merit. This court has previously recognized that Congress' regulatory authority in the area of immigration is plenary and that equal protection principles "do not in any way restrict Congress's authority to set admission and naturalization

criteria that are place of original and nationality sensitive." *Rodriguez-Silva v. INS*, 242 F.3d 243, 248 (5th Cir. 2001)(declining to consider whether NACARA satisfies rational basis review under equal protection review). Congress is clearly free to allow a rebuttable presumption of hardship to certain applicants like Petitioner's husband and not to others like Petitioner with different qualifications.

## IV.

For the foregoing reasons, Petitioner's petition for review of the discretionary decision of the immigration tribunals is DISMISSED. Petitioner's petition for review of her equal protection challenge is DENIED.